UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA D. HAYWOOD, Booking #18123564,<br><br>                  Plaintiff,<br><br>vs.<br><br>SAN DIEGO, CA County;<br>CITY OF SAN DIEGO, CA, Government Cohort; NUMEROUS HOSPITALS; BIBB COUNTY, GA, Government Coalition,<br><br>                  Defendants. | Case No.: 3:18-cv-01315-BTM-AGS<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 3]**<br><br>**2) DENYING MOTION FOR IMMEDIATE INJUNCTION AND RELEASE [ECF No. 2]**<br><br>**AND**<br><br>**3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PRE-PAY CIVIL FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

      ERICA D. HAYWOOD ("Plaintiff"), currently detained at the San Diego Sheriff Department's Las Colinas Detention and Re-Entry Facility, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, naming the City and County

of San Diego, numerous unidentified hospitals, and Bibb County, Georgia, as Defendants. *See* ECF No. 1 at 1-3. While far from clear, it appears Plaintiff seeks to sue all these entities for "orchestrating" her "false arrest," various acts of police and sexual misconduct, and for denying her dental, mental, and "general health" needs. *Id.* at 2-9.

Plaintiff has not prepaid the $400 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a); instead she has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 3. Plaintiff has also filed a single-paged "Motion for Immediate Injunction" in which she seeks her release from custody due to alleged denials of diabetic snacks and "sugar checks." *See* ECF No. 2.

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to

further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, she is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless she claims to face "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.  Discussion

As an initial matter, the Court has reviewed both Plaintiff's Complaint as well as her Motion for Immediate Injunction, and finds that neither contain any "plausible allegations" to suggest she "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Instead, Plaintiff claims broadly to have been falsely arrested, and to have become the victim of "judicial fraud," and a "theft racket[]," subject to generalized "health care neglect," provided insufficiently nutritious food, non-organic and non-hypoallegenic

body products, to have otherwise been exposed to "unsanitary conditions," and to have been appointed only "aggressive and odd public defenders," on "various days" beginning in September 2017. *See* ECF No. 1 at 1-2, 5-9; ECF No. 2 at 1. These allegations are plainly insufficient to plausibly show any ongoing or "imminent danger of serious physical injury" at the time Plaintiff elected to file suit in June 2018. *See* 28 U.S.C. § 1915(g).

Section § 1915(g)'s "imminent danger" exception is not triggered solely by complaints of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). Moreover, some of Plaintiff's claims appear related to the validity of her detention and ongoing criminal proceedings, *see* Compl., ECF No. 1 at 2, 8, and her conditions of confinement claims involve various aspects of her care and custody over the course of nine months, allegedly at the hands of unidentified state and county officials in both California and Georgia. *Id.* at 1, 5-7. But none of her claims plausibly suggest a genuine emergency or rise to the level of an objectively concrete and/or imminent physical harm. *See e.g., Thompson v. Paleka,* No. CV 17-00531 SOM-KJM, 2017 WL 5309608, at *2 (D. Haw. Nov. 13, 2017) (finding prisoner's claims of having contracted a rash from a dirty shower, and being denied access to a nerve specialist for back pain insufficient to meet § 1915(g)'s "imminent danger" exception).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v.*

4

*Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court takes judicial notice that Plaintiff Erica D. Haywood, currently identified as San Diego County Sheriff Department's Booking #18123564,[1] while incarcerated, has had at least five prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Haywood v. Fifth U.S. Circuit Court of Appeals, et al.*, Civil Case No. 4:09-cv-00202 (S.D. Texas, March 12, 2009) (Memorandum Opinion and Order granting application to proceed IFP and dismissing civil action with prejudice as "legally baseless") (ECF Nos. 8, 9) (strike one);

2) *Haywood v. State of Georgia,* Civil Case No. 1:10-cv-00039-TWT (N.D. Georgia, Feb. 2, 2010) (Order and Opinion granting request to proceed IFP and dismissing case as frivolous pursuant to 28 U.S.C. § 1915A) (ECF No. 3); (Feb. 3, 2010) (Judgment) (ECF No. 4) (strike two);

3) *Haywood v. Bexar County Sheriff, et al.,* Civil Case No. 5:11-cv-00448-XR (W.D. Texas) (Aug. 1, 2011) (Order & Judgment Dismissing Complaint as frivolous, for failure to state a claim, and for seeking relief from immune defendants pursuant to 28

---

[1] Plaintiff has been previously identified in San Antonio Texas's Bexar County Adult Detention Center as Inmate #804107, and as Inmate #933519 while she was detained in Atlanta Georgia's Fulton County Jail. She further admits to having filed, and having had dismissed, at least one previous civil action while she was incarcerated in the Western District of Texas sometime in 2012. *See* Compl., ECF No. 1 at 10.

U.S.C. § 1915(e)(2)(B)(i)-(iii) and § 1915A(b)(1)-(2)) (ECF Nos. 14, 15) (strike three);

4) *Haywood v. Bexar County Sheriff, et al.,* Civil Case No. 5:11-cv-00467-XR (W.D. Texas) (Aug. 1, 2011) (Order & Judgment Dismissing Complaint as frivolous, for failure to state a claim, and for seeking relief from immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and § 1915A(b)(1)-(2)) (ECF Nos. 8, 9) (strike four); and

5) *Haywood v. Bexar County, Texas, et al.*, Civil Case No. 5:11-cv-01115-FB (W.D. Texas) (Feb. 1, 2012) (Report & Recommendation ["R&R"] to Dismiss § 1983 Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A) (ECF No. 3); (Feb. 28, 2012) (Order Adopting R&R and Judgment) (ECF Nos. 7, 8) (strike five).

Accordingly, because Plaintiff has accumulated more than three "strikes" pursuant to § 1915(g), and she fails to make a "plausible allegation" that she faced imminent danger of serious physical injury at the time she filed her Complaint, she is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[2]

## II. Conclusion and Order

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) [ECF No. 3];

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure

---

[2] As a result of her litigation history, Plaintiff has also since been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in the Western District of Texas. *See Haywood v. Director Brad Livingston, et al.*, Civil Case No. 6:16-cv-00320-RP (Sept. 2, 2016) (Order Denying leave to proceed IFP and Dismissing Complaint without prejudice "pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g).") (ECF No. 4).

to prepay the civil filing fee required by 28 U.S.C. § 1914(a);

    3)    **DENIES** Plaintiff's Motion for Immediate Injunction and Release [ECF No. 2] as moot;

    4)    **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

    5)    **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: September 21, 2018

_____
Barry Ted Moskowitz, Chief Judge
United States District Court